ESSEX CHAIR COMPANY, PROSECUTOR, v. ROSE G.
FREEDMAN, DEFENDANT.

Argued May 7, 1946—Decided May 28, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the prosecutor, *Frank Fink* (*James J. Carroll*, on the
brief).

For the defendant, *George L. Sachs* (*Abraham L. Honig-
feld*, on the brief).

PER CURIAM.

The writ in this case brings up the award in the Essex
Common Pleas in a workmen's compensation case involving
a hernia. The Bureau dismissed the petition but was reversed
by the Common Pleas. Our examination of the case satisfies
us that the Deputy Commissioner properly decided the case
and that the reversal in the Common Pleas was erroneous.

The statute relating to the case of hernia was very carefully
drawn and is very specific in its provisions. It requires,
among other things, conclusive proof (such is the language)
that the hernia was immediately caused by such sudden effort
or severe strain, that, (a) the descent of the hernia imme-
diately followed the cause; (b) that there was severe pain
in the hernial region; and (c) that there was such prostra-
tion that the employee was compelled to cease work imme-
diately. There are two other requirements that need no
attention at this time as they apparently were met. We find

no proof whatever of any sudden effort or severe strain, let alone conclusive proof. The man's regular work involved a certain amount of lifting, but there is nothing to indicate anything out of the usual course. Moreover, there was no proof that the descent of the hernia immediately followed the cause. The workman attended to his usual work all the morning and stopped at noon for his midday meal. It was half an hour before he was found to be suffering. True, the evidence indicates that he told the doctor, when the latter attended him, that the pain had begun about eleven o'clock, but if that evidence was legally admissible it does not appear to us as conclusive evidence, and we prefer the finding of the Deputy Commissioner, who relies on the testimony of the co-worker that the man performed his work without any noticeable discomfort of any kind.

The portion of the statute relating to hernia was not in the original act, but was brought up by amendments sometime later and evidently with considerable caution, as clearly indicated by its language. It would seem clear that the legislature intended that there should not be an award except in a perfectly clear case. We are satisfied that no case of that clarity is here presented, and the judgment of the Common Pleas will accordingly be set aside.